UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN GARCIA CHAVARRIA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-cv-00052-DC-EFB<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a person detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  This matter was referred to the undersigned pursuant to Local Rule 302(c)(17).  For the reasons set forth below, the undersigned recommends the writ be granted.

## BACKGROUND

**A.  Factual Background**

Petitioner initiated this action on January 5, 2026, seeking a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  In his petition, he alleges that he is a noncitizen, is currently detained pending immigration removal proceedings, and has been detained since August 19, 2025.  *Id*. at 4-5.  He alleges that, during this time, he has not had a hearing before a neutral decisionmaker to determine whether his ongoing detention is warranted.  *Id*. at 2.  Petitioner asserts one claim for relief, that his due process rights are violated by his ongoing detention without an individualized hearing before a neutral decision-maker wherein he is determined to be

1

either a flight risk or danger to the community. *Id*. at 16-17. He seeks a writ of habeas corpus, declaratory judgment, and attorney's fees and costs. *Id*. at 17.

In their opposition to the petition for writ of habeas corpus, respondents do not dispute most of petitioner's factual allegations. Respondents contend, and support with documentary evidence, that petitioner is a national and citizen of Mexico, who entered the United States on an unknown date in 2014 or prior and, in 2017, voluntarily left the United States. ECF No. 9 at 1-2, Ex. 1 at 1-2. Between 2014 and his departure in 2017, petitioner suffered multiple arrests and one criminal conviction, for violation of Texas Penal Code section 22.05(a). ECF No. 9 at 1-2. He was sentenced to 75 days in jail for the conviction. *Id*.

At an unknown date, petitioner again entered the United States. ECF No. 9 at 2. In February 2024, he was arrested in Arkansas for third-degree assault, although this case was not prosecuted. *Id*. at 2, Ex. 3 at 5. On July 5, 2025, petitioner was arrested in Arkansas for domestic battery in the second degree and terroristic threats in the first degree. ECF No. 9 at 2, Ex. 3 at 6. On July 11, 2025, a warrant was issued for petitioner's failure to appear. ECF No. 9 at 2, Ex. 3 at 2-3. Petitioner was arrested on August 19, 2025 by immigration officials, who served him with a Notice to Appear at that time. ECF No. 9 at 2, Ex. 2 at 2, Ex. 4.

In his reply, petitioner does not dispute any of respondents' factual representations nor the accuracy of the documentary exhibits respondents have tendered in support thereof. *See* ECF No. 10.

**B. Procedural Background**

Petitioner initiated this action in propria persona on January 5, 2026, and concurrently filed a motion to proceed in forma pauperis and a motion to appoint counsel. ECF Nos. 1-3. On January 9, 2026, the undersigned granted petitioner's motions to proceed in forma pauperis and for the appointment of counsel. ECF No. 5. The court further ordered that respondents file an Answer / Response no later than 20 days from the date of the order, and petitioner's reply was due 14 days thereafter. *Id*. Respondents additionally were ordered that petitioner could not be transported outside the judicial district pending further order of the court. *Id*.

////

2

On February 1, 2026, respondents filed an opposition to the petition for writ of habeas corpus, ECF No. 9, and petitioner filed a reply on February 13, 2026.  ECF No. 10.

**LEGAL STANDARD**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**DISCUSSION**

In his petition, petitioner raises a single claim for relief: that his ongoing detention without a bond hearing violates his due process rights under the Fifth Amendment.  ECF No. 1 at 16-17.  For the reasons explained below, the undersigned recommends the petition be granted.

In response to petitioner's constitutional claim, respondents argue that petitioner's detention is authorized by statute, either 8 U.S.C. § 1226(c) or, alternatively, 8 U.S.C. § 1225(b)(2).  ECF No. 9 at 3-5.  In *Demore v. Kim*, 538 U.S. 510, 527 (2003), the Supreme Court held that the mandatory detention provision contained in § 1226(c) does not, facially, violate detainees' due process rights.  The Supreme Court has also held that mandatory detention of at least some noncitizens pursuant to § 1225(b)(2) does not offend due process.  *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (recognizing the "distinction between an alien who has effected an entry into the United States and one who has never entered" and holding that the former group is entitled to due process protections that the latter is not); *Rodriguez v. Robbins*, 715 F.3d 1127, 1140-42 (9th Cir. 2013) (recognizing same); *see generally Jennings v. Rodriguez*, 583 U.S. 281, 308 (2018) (reversing and remanding to the Court of Appeals to consider due process challenge to detainees' detention without a bond hearing pursuant to § 1225(b)).

Respondents fail to show that either of these statutory sections apply to petitioner, however, so as to foreclose his due process claim.  First, respondents fail to show that petitioner is properly detained pursuant to 8 U.S.C. § 1226(c).  Respondents argue that, "Petitioner is subject to mandatory confinement because he is inadmissible by, 'reason of having committed

any offense covered in section 1182(a)(2).' 8 U.S. Code § 1226(c)(1)(A)." ECF No. 9 at 4. Petitioner, however, was not charged with removability pursuant to § 1182(a)(2). In the Notice to Appear dated August 19, 2025, on which respondents rely for their argument, *see* ECF No. 9 at 2, petitioner was charged with removability under sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, *id*. at 3; *see also* ECF No. 9, Ex. 2 at 3 (stating current charges for removability are violations of sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act), which are codified at 8 U.S.C. § 1182(a)(6)(A)(i) and § 1182(a)(7)(A)(i)(I), respectively. A noncitizen alien possesses a due process right in having notice of "the charges upon which the [removability] proceeding is based," *Hirsch v. Immigr. & Naturalization Serv.*, 308 F.2d 562, 567 (9th Cir. 1962), and thus respondents could not, consistent with due process, detain petitioner pursuant to 8 U.S.C. § 1182(a)(2), while only having given him notice that he was being charged as removable pursuant to sections 1182(a)(6) and 1182(a)(7). *See generally id*.; *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004). On this basis, respondents' argument fails.

Moreover, respondents fail to show that petitioner "is inadmissible by, 'reason of having committed any offense covered in [8 U.S.C. §] 1182(a)(2).'" *See* ECF No. 9 at 4. Respondents fail to advance any argument as to how petitioner implicates this statutory section, *see id*. at 3-5, although elsewhere represents that petitioner has suffered multiple arrests and one criminal conviction. *See id*. at 1-2, Exs. 1, 3. Section 1182(a)(2) provides that an alien who has been convicted of a crime of moral turpitude or a crime involving controlled substances is inadmissible. 8 U.S.C. § 1182(a)(2)(A)(i). Where the crime at issue is one of moral turpitude, an exception exists if "the maximum penalty possible for the crime of which the alien was convicted . . . did not exceed imprisonment for one year and, if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months." *Id*. § 1182(a)(2)(A)(ii).

Here, respondents indicate section 1182(a)(2) is implicated by petitioner's "aggravated felony conviction." ECF No. 9 at 3. The only conviction petitioner has suffered, per respondents, is for violation of Texas Penal Code section 22.05(a). *See* ECF No. 9 at 1-2. That

4

section provides: "(a) A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury," and the further provides, "(e) An offense under Subsection (a) is a Class A misdemeanor. . . ." Tex. Penal Code § 22.05(a), (e). Respondents make no showing that violation of this statutory section constitutes one of moral turpitude. *See generally* ECF No. 9. Even if it did, however, it squarely falls into the exception codified at 8 U.S.C. § 1182(a)(2)(A)(ii), given that, as a misdemeanor offense, a defendant convicted under this section would not be subject to a term of incarceration greater than one year, *see* Tex. Penal Code § 12.21, and, per respondent's own argument, petitioner served a sentence less than six months long. *See* U.S.C. § 1182(a)(2)(A)(ii); ECF No. 9 at 1-2. Accordingly, petitioner's removal is not authorized under 8 U.S.C. § 1182(a)(2), and, thereby, his detention without a bond hearing is not authorized under § 1226(c).

Respondents also fail to demonstrate that petitioner's current detention is authorized under 8 U.S.C. § 1225(b)(2). Respondents argue that petitioner is an "applicant for admission" per § 1225(a)(1), thus subjecting him to the mandatory detention provision in § 1225(b). ECF No. 7 at 2-3. For the reasons set forth in the District Court's December 2, 2025 Order in *Labrador-Prato v. Noem,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *2-4 (E.D. Cal. Dec. 2, 2025), and December 14, 2025 Order in *Selis Tinoco v. Noem*, et. al*,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *3-5 (E.D. Cal. Dec. 14, 2025), the undersigned finds that 8 U.S.C. § 1225(b)(2) does not apply to petitioner, as he is not an "applicant for admission" within the meaning of § 1225(a)(1). Section 1225(b)(2) does not properly apply to persons like petitioner who had been previously admitted to the United States, then released by DHS authorities; rather, § 1225(b)(2) only applies to those aliens "seeking admission" to the United States. *See Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). To construe § 1225(b)(2) to mandate detention for persons like petitioner is untenable under principles of statutory construction, as it "(1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO, 2025

5

WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025)); *see also Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *4; *Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *5.

As respondents have not shown that petitioner's detention is authorized under 8 U.S.C. § 1225(b)(2) or § 1226(c), petitioner succeeds in showing that his current detention without a bond hearing violates his procedural due process rights.  To determine whether civil detention violates a detainee's Fifth Amendment procedural due process rights, courts apply the three-part test articulated in *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976).  Under *Mathews*, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.; see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  The Supreme Court has long held that noncitizen aliens present in the United States possess cognizable due process interests under the Fifth Amendment, relative to removal proceedings. *See Demore*, 538 U.S. at 523; *Zadvydas*, 533 U.S. at 693-94; *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).

Here, petitioner has shown that, under the first *Mathews* factor, he possesses a significant liberty interest to which his due process rights attach. *See* ECF No. 1 at 6, 10-11.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Since petitioner's entry to the United States, he has developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee, including, notably, familial ties to his minor child. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025); *Labrador-Prato v. Noem, et al.,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025); *but see Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) (observing that, "[g]iven the civil context [of the immigration

proceeding], [the noncitizen detainee's] liberty interest is arguably greater than the interest of parolees in *Morrissey*").

Petitioner has also demonstrated that the second *Mathews* factor militates in his favor. *See* ECF No. 1 at 11. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable. Petitioner's detention is only justified when the noncitizen poses a flight risk or a danger to the community. *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690. Without a bond hearing in which a neutral decisionmaker makes an individualized determination of whether petitioner is a danger to the community or flight risk based on the particular facts of his case, the risk of erroneous deprivation of petitioner's protected liberty interests is great. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner has also shown that the third *Mathews* factor militates in his favor. *See* ECF No. 1 at 11. Respondents' interest in petitioner's detention is low. *See Ortega*, 415 F. Supp. 3d at 970. "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994. The effort and cost required to provide petitioner with procedural safeguards are minimal. *See Lopez*, 2025 WL 3124116, at *4; *Khan v. Noem, et al.*, No. 1:25-CV-01411-EPG-HC, 2025 WL 3089352, at *7 (E.D. Cal. Nov. 5, 2025) ("In immigration court, custody hearings are routine and impose a 'minimal' cost." (citations omitted)).

////

////

For these reasons, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his current detention violates his rights under the due process clause of the Fifth Amendment. Accordingly, petitioner must receive a hearing before a neutral decisionmaker that complies with 8 U.S.C. § 1226(a) and related laws and regulations to justify his continued detention.[1]

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2) Respondents be ORDERED to release petitioner within 7 days from the date of the order adopting the instant Findings and Recommendations, unless Respondents schedule a 1226(a) bond hearing before an immigration judge where: (1) to continue detention, the government must establish by clear and convincing evidence that Petitioner presents a risk of flight or danger, even after consideration of alternatives to detention that could mitigate any risk that Petitioner's release would present; and (2) if the government cannot meet its burden, the immigration judge order Petitioner's release on appropriate conditions of supervision, taking into account Petitioner's

---

[1] Petitioner alternatively argues that he is entitled to a bond hearing because he is a member of the bond-eligible class certified in *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, __ F. Supp. 3d __, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). That class consists of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *2 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Based on the paucity of factual information in the record before the court, the court is unable to conclude that petitioner satisfies prongs (1) and (2) of this definition to bring him within the class.

ability to pay a bond.

3) Should petitioner be released, Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that he is likely to flee or pose a danger to the community if not arrested.

4) Petitioner's request for attorneys' fees and costs pursuant to 28 U.S.C. § 2412 (ECF No. 1) be DENIED WITHOUT PREJUDICE to bringing a properly noticed and supported motion seeking such fees and costs.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 13, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE